UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

VICTOR CLEMENTE,

        Plaintiff,

-against-

JOHN DOE, Detective Squad for the Queens
County District Attorney's Office; RICHARD
BROWN, District Attorney; CHARLES
SCHULMAN, Assistant District Attorney;
KAREN ROSE, Assistant District Attorney;
MICHAEL J. SCHWED, Defense Attorney;
THOMAS THEOPHILOS, Appellate Attorney,

        Defendants.
-----------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ NOV 29 2018 ★

BROOKLYN OFFICE

**MEMORANDUM**
**DECISION AND ORDER**
18-CV-5968 (AMD)

**ANN M. DONNELLY**, United States District Judge:

On October 15, 2018, the plaintiff Victor Clemente, currently incarcerated at Eastern Correctional Facility in Napanoch, New York, brought this *pro se* action against Queens County District Attorney Richard Brown, Assistant District Attorneys Charles Schulman and Karen Rose, his former attorneys Michael Schwed and Thomas Theophilos, and two unidentified Queens County detectives, claiming that they violated the Vienna Convention on Consular Relations by not notifying the Philippine consulate of his arrest. The plaintiff seeks compensatory and punitive money damages. The Court grants the plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The action is dismissed for failure to state a claim.

### BACKGROUND

On November 20, 1986, the plaintiff, a Philippine citizen, was arrested and charged with second degree murder. (ECF No. 1 ¶ 15.) The trial court dismissed the charges on March 22,

1

1988 on the theory that the plaintiff had been denied a speedy trial. (*Id.* ¶ 16); *see People v. Clemente*, 541 N.Y.S.2d 583, 584 (2d Dep't 1989). On May 22, 1989, the Appellate Division reversed, reinstated the indictment, and remitted the matter for further proceedings on the indictment. *See id.* When the plaintiff failed to appear for his June 13, 1989 court date, a warrant was issued for his arrest. *People v. Clemente*, 30 N.Y.S.3d 880, 881 (2d Dep't 2016), *leave to appeal denied*, 63 N.E.3d 76 (2016). In December 2006, police officers arrested the plaintiff in San Francisco, California, and took the plaintiff back to New York for trial. (ECF No. 1 ¶¶ 21, 24.) The plaintiff was convicted, after a jury trial, of second degree murder and weapons possession on April 30, 2008 and sentenced to a prison term of from 20 years to life. (*Id.* ¶ 25); *People v. Clemente*, 922 N.Y.S.2d 193, 194 (2d Dep't 2011). On May 3, 2011, the Appellate Division affirmed the conviction. *See id.*

The plaintiff alleges that the defendants violated the Vienna Convention on Consular Relations because they failed to notify the Philippine consular office of his arrest; he claims that the outcome of his criminal trial may have been "more favorable" if the defendants had notified the consulate. (ECF No. 1 ¶¶ 33–38.) The plaintiff seeks $80 million in compensatory and punitive damages. (*Id.* ¶ 38.)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The rule that a complaint's factual allegations are assumed to be true is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

And, while courts hold *pro se* complaints to less stringent standards than pleadings drafted by attorneys and read a *pro se* complaint liberally to raise the strongest arguments it suggests, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008), the court must dismiss a prisoner's complaint if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (Under the Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory.).

Further, under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

## DISCUSSION

Article 36 of the Vienna Convention on Consular Relations, April 24, 1963, 21 U.S.T. 77, T.I.A.S. No. 6820 (the "Vienna Convention") provides consular officers with access to their nationals detained by authorities in a foreign country. If a person detained in a foreign county "so requests, the competent authorities of the receiving State shall . . . inform the consular post of the sending State if . . . a national of that State is arrested or committed to prison or to custody pending trial or is detained in any other manner." *Sanchez–Llamas v. Oregon*, 548 U.S. 331, 338 (2006) (quoting Article 36(1)(b) of the Vienna Convention). In other words, when authorities

3

arrest a foreign national, they must, if the detainee so requests, notify the consular officers of the detainee's home country of the arrest. Article 36(1)(b) further provides that the "authorities shall inform the [detainee] without delay of [these] rights." *Sanchez–Llamas*, 548 U.S. at 338.

Although it is not clear whether the plaintiff is claiming that the defendants did not notify him of his Article 36 rights, or that the defendants refused his request that they contact the consular offices, it does not matter for purposes of this action. An individual plaintiff has no private right of action to seek damages for violations of Article 36 rights to consular notification and access. *Mora v. State of New York*, 524 F.3d 183, 200, 207–09 (2d Cir. 2008) ("International treaties [such as the Vienna Convention] establish rights and obligations between States-parties—and generally not between states and individuals, notwithstanding the fact that individuals may benefit because of a treaty's existence."); *see Johnson v. City of New York*, No. 12–CV–9242, 2014 WL 323595, at *1, *4 (S.D.N.Y. Jan. 28, 2014) (dismissing complaint where the plaintiff alleged that officers failed to inform him of his rights under Article 36 of the Convention and that the arresting officer refused to inform the consulate that the plaintiff requested legal assistance); *Gordon v. City of New York Police Dept. 84th Precinct*, No. 10–CV–3706, 2012 WL 1067964, at *4–6 (E.D.N.Y. Mar. 29, 2012) (dismissing the plaintiff's claim that detaining officers failed to notify a consular office of his arrest because the Vienna Convention does not provide a private right of action); *Gordon v. City of New York Police Dept.*, No. 10–CV–3706, 2010 WL 4738694, at *2 (E.D.N.Y. Nov. 15, 2010) ("[The] plaintiff's claims arising from the defendants' alleged failure to inform him of his right to have consular officials notified of his detention . . . fail[ed] to state a claim.").

4

## CONCLUSION

Accordingly, the plaintiff's complaint, filed *in forma pauperis*, is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B). The Clerk of Court is respectfully directed to enter judgment closing the action. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

                                            s/Ann M. Donnelly
                                            _____
                                            Ann M. Donnelly
                                            United States District Judge

Dated: Brooklyn, New York
         November 29, 2018